UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBRA LEWIS                                        CIVIL ACTION

VERSUS                                             NO: 20-1680

WINN-DIXIE MONTGOMERY, LLC,                        SECTION: "A" (2)
ET AL.

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 15)** filed by the defendant, Winn-Dixie Montgomery, LLC ("Winn-Dixie"). The plaintiff, Debra Lewis, opposes the motion. The motion, submitted for consideration on February 3, 2021, is before the Court on the briefs without oral argument.

This case arises out of a slip-and-fall incident, which the plaintiff alleges occurred at a Winn-Dixie grocery store on August 31, 2018. The plaintiff filed this action against the defendant in Orleans Parish. The defendant, Winn-Dixie, removed the lawsuit to this Court. The cited basis for original subject matter jurisdiction in federal court is diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The Court denied Plaintiff's motion to remand on October 2, 2020. (Rec. Doc. 10). A jury trial is scheduled for May 3, 2021. (Rec. Doc. 6).

Plaintiff was deposed on December 3, 2020. Citing the testimony provided at this deposition, Winn-Dixie now moves for summary judgment arguing that Plaintiff cannot satisfy her burden of proof under Louisiana's merchant liability statute, La. R.S. § 9:2800.6, which provides the essential elements for which the plaintiff has the burden of proof in a slip-and-fall case. *See* Pamela A. Turgeau, Casenote, *White v. Wal-Mart*

1

*Stores, Inc.*, 699 So. 2d 1081 (La. 1997), 44 Loy. L. Rev. 193 (1998). Winn-Dixie focuses its attack on element B(2), which provides that the plaintiff must prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. R.S. § 9:2800.6(B)(2).

The Court has reviewed Ms. Lewis's deposition testimony. (Rec. Doc. 15-2). This will be a difficult case for the plaintiff to prove for the reasons argued in Winn-Dixie's motion. In her opposition Plaintiff mentions additional discovery that she would like to pursue before having her case submitted for summary adjudication. The Court has considered the rebuttal arguments that Winn-Dixie included in its reply memorandum. The Court notes that the discovery deadline has not expired. The Court will allow Plaintiff to conduct the additional discovery that she believes necessary to defeat summary judgment. If she fails to timely do so notwithstanding Winn-Dixie's cooperation in scheduling it, then the Court is persuaded that summary judgment in favor of Winn-Dixie will most likely be inevitable.

To give effect to this ruling the Court will extend the final submission date for dispositive motions to **April 14, 2021**. The discovery cutoff date of **March 17, 2021** remains unchanged.

The Court reminds counsel for the parties that it has previously ordered that they schedule a settlement conference with the assigned magistrate judge, to take place not later than two weeks prior to the pretrial conference. (Rec. Doc. 6, Scheduling Order at 2). The record does not reflect that a settlement conference has been scheduled in this case.

Accordingly, and for the foregoing reasons;

2

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 15)** filed by the defendant, Winn-Dixie Montgomery, LLC, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the pretrial conference, currently set for **April 15, 2021**, is reset for **April 22, 2021, at 10:30 a.m.**

February 8, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3